IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA JARRETT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 2:07CV00060 SWW |
| | * | |
| STATE FARM COUNTY MUT. INS. | * | |
| CO. of TEXAS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**Memorandum Opinion and Order**

Before the Court is defendant's motion to dismiss or, in the alternative, for a more definite statement. Plaintiff failed to timely respond to the motion. For the reasons stated below, the motion to dismiss is granted.

**Background**

Plaintiff, a resident of Arkansas, was involved in an automobile accident in Texas in March 2006. Defendant State Farm County Mutual Insurance Company of Texas ("SFCMIC") is the insurer of the Texas driver found to be at fault. SFCMIC offered to settle the action, but plaintiff rejected the offer, claiming it amounted to "no compensation at all" for her injuries. Plaintiff then filed this action in state court, claiming that SFCMIC's allegedly inadequate settlement offer was the result of bad faith and race discrimination. She asserts claims for violation of the Arkansas Insurance Code, the Arkansas Civil Rights Act, and the Due Process Clause of the Arkansas Constitution. She also asks the Court to certify her complaint as a class action. Defendant removed the case to federal court based on diversity jurisdiction.

**Discussion**

Defendant moves for dismissal of the case based Fed.R.Civ.P. 12(b)(2), lack of personal jurisdiction, and 12(b)(6), failure to state a claim.

**1.      Personal Jurisdiction**

Defendant argues dismissal pursuant to Fed.R.Civ. P. 12(b)(2) is warranted because it is a Texas corporation having no contacts with Arkansas sufficient to support the exercise of personal jurisdiction. "In a diversity action, a federal court may assume jurisdiction over a nonresident defendant only if the requirements of the forum state's long-arm statute are satisfied and the exercise of jurisdiction comports with due process." *Anderson v. Dassault Aviation,* 361 F.3d 449, 451 (8th Cir. 2004). Arkansas's long-arm statute extends jurisdiction over persons and claims "to the maximum extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." *See* Ark. Code Ann. § 16-4-101. The only question for this Court is whether the exercise of personal jurisdiction in this case comports with due process. *See Epps v. Stewart Info. Services Corp.,* 327 F.3d 642, 647 (8th Cir. 2003).

Due process requires that a nonresident defendant have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 216 (1945)(quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940). The defendant's conduct and connection with the forum state must be such that defendant should "reasonably anticipate being haled into court there." *Burlington Industries, Inc. v. Maples Industries, Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996). *See also Dakota Industries, Inc. v. Ever Best Ltd.,* 28 F.3d 910, 915 (8th Cir. 1994)("[s]ufficient contacts exist when an individual's connection with the forum state does not

offend traditional notions of fair play and substantial justice and the defendant purposefully avails himself of the privilege of conducting activities within the state, thus invoking the benefits and protections of its laws"). "This 'fair warning' requirement is satisfied if the defendant[s] ha[ve] 'purposefully directed' [their] activities at residents of the forum . . ., and the litigation results from alleged injuries that 'arise out of or relate to' those activities. . . ." *Oriental Trading Co. v. Firetti,* 236 F.3d 938, 943 (8th Cir. 2001) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

The Eighth Circuit has established a five-factor test to determine the sufficiency of a defendant's contacts: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. *Burlington Industries*, 97 F.3d at 1102. The first three factors are of primary importance. *Id.* The Eighth Circuit has further elaborated on the third factor - the relationship of the cause of action to the contacts - to distinguish between specific jurisdiction, which refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, and general jurisdiction, which refers to the power of a state to adjudicate any cause of action involving a particular defendant regardless of where the cause of action arose and irrespective of the relationship between the cause of action and the contacts. *Id.* at 1102-3.

The plaintiff has the burden to establish personal jurisdiction exists. *Burlington Industries,* 97 F.3d at 1102. The plaintiff, however, need only make a *prima facie* showing of jurisdiction. *Epps,* 327 F.3d at 646. If the court does not hold a hearing and instead relies on pleadings and affidavits, as is the case here, the court must look at the facts in the light most

favorable to the nonmoving party and resolve all factual conflicts in favor of that party.  *Dakota Industries,* 946 F.2d at 1387.

Plaintiff alleges in her complaint that SFCMICT "is a cooperation [sic] located in the State of Texas but authorized to do business in the State of Arkansas by the Arkansas Commission of Insurance either directly or through its affiliates State Farm Mutual Insurance Companies of Arkansas." Compl. at ¶ 2.  Defendant asserts it is licensed to do business only in Texas, is not licensed by the Arkansas Department of Insurance nor required to file an Annual Statement with the Department as a foreign insurer licensed to do business in Arkansas, does not insure any risks in Arkansas and reports no premiums from business conducted in Arkansas, and does not have any employees in Arkansas. *See* Def's. Mem. of Law in Support of Mot. to Dismiss, Aff. of Greg Clapper.  Plaintiff failed to respond to defendant's motion to dismiss, and there is nothing in the record to support her claim of personal jurisdiction other than the allegation in her complaint that defendant is authorized to do business in the State of Arkansas.

The Court finds plaintiff fails to establish that SFCMICT has sufficient minimum contacts with Arkansas so that "traditional notions of fair play and substantial justice" are not offended.  Plaintiff offers no evidence that SFCMICT has the sort of "continuous and systematic" contacts with Arkansas that would justify the exercise of general jurisdiction.  Nor is there any evidence that SFCMICT conducted itself in such a way that it could "reasonably anticipate being haled into court in Arkansas."  This case involves an automobile accident that occurred in Texas between plaintiff and a Texas resident who was insured by a company domiciled and licensed to do business only in Texas.  *See* Clapper Aff.  Plaintiff submits no evidence SFCMICT "purposefully directed its activities" at residents of Arkansas and that the

"litigation results from alleged injuries that arise out of those activities." Therefore, the Court finds defendant's motion to dismiss for lack of personal jurisdiction should be granted.

**2.      Failure to State a Claim**

Defendant further argues plaintiff fails to state a claim for relief because, under Arkansas law, an injured party cannot bypass the tortfeasor and sue the insured's insurance carrier absent a statute which allows such direct action. *Taylor v. Federal Kemper Ins. Co.,* 534 F.Supp. 196, 198 (W.D. Ark. 1982). In *Taylor,* the plaintiff settled a claim against the insured motorist and then filed a complaint alleging the settlement was obtained through fraud and deceit on the part of the insurance carrier. Because it was unclear whether the plaintiff was alleging the same cause of action as he would have had against the tortfeasor, the court denied the motion to dismiss. Unlike in *Taylor,* here plaintiff has not obtained a judgment or settled with the insured Texas driver. Thus, the Court finds plaintiff is not entitled under Arkansas law to sue SFCMICT. *See id.* (Plaintiff "may not bypass suit against such tortfeasor by calling his cause of action against the negligent party's insurance carrier one based on fraud and deceit"). In addition, the Court finds plaintiff's claim for bad faith fails because third-party claims for bad faith are not recognized by Arkansas law. *See Bell v. Kansas City Fire and Marine Ins. Co.,* 616 F.Supp. 1305, 1308 (W.D.Ark. 1985)(plaintiff's third-party claim for bad faith against insureds' insurance company would not be recognized by Arkansas courts).

Defendant contends plaintiff fails to state a claim as to her allegation that defendant's actions violate the Equal Protection Clause of the Arkansas Constitution. Claims arising from the Arkansas or United States Constitution require a showing of "state action." *See Bosworth v.*

*Pledger,* 810 S.W.2d 918, 920 (Ark. 1991)("In deciding whether an equal protection challenge is warranted, there must first be a determination that there is a state action which differentiates among individuals"). Plaintiff makes no allegation of state action. Finally, the Court finds plaintiff's claim that defendant violated the Arkansas Civil Rights Act ("ACRA") fails to state a claim. The ACRA does not apply to matters regulated by the Arkansas Insurance Code or the Trade Practices Act of the Arkansas Insurance Code. *See* Ark. Code Ann. § 16-123-103(e).

## Conclusion

IT IS THEREFORE ORDERED that defendant's motion to dismiss [docket entry 6] is granted. Plaintiff's complaint is dismissed.[1] Judgment will be entered accordingly.

DATED this 16th day of July 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] When plaintiff failed to timely respond to defendant's motion, the Court directed plaintiff's counsel to file a response on or before June 25, 2007. *See* docket entry 11. Plaintiff's counsel failed to file a response. The Court may act *sua sponte* to dismiss a suit for failure to prosecute. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). An alternative basis, therefore, for dismissing plaintiff's complaint is failure to comply with the Order of the Court. *See* Fed.R.Civ.P. 41(b).